Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

**VIA ECF ONLY**

Steven H. Holinstat
Co-Head Fiduciary Litigation Group
Steven H. Holinstat
d +1.212.969.3104
f 212.969.2900
sholinstat@proskauer.com
www.proskauer.com

March 31, 2022

Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

   Re: *C.K., et al. v. Bassett, et al.*, No. 2:22-cv-01791-BMC
     Plaintiffs' Proposed *Ex Parte* Motion to Proceed Anonymously

Your Honor,

  I am an attorney at Proskauer Rose LLP.  Together with attorneys from Proskauer Rose LLP, Disability Rights New York, Children's Rights, Inc., and the National Health Law Program, I represent Plaintiffs in the above-referenced action.  Pursuant to Part III.A.2 of Your Honor's Individual Practices, we write to respectfully request a pre-motion conference concerning Plaintiffs' proposed *ex parte* motion to proceed anonymously in this case by means of the pseudonymous initials reflected in the caption of the Complaint (Dkt. 1), as well as related relief. Because Defendants have not yet been served and given the nature of the relief requested, Plaintiffs alternatively request that the Court waive the pre-motion conference requirement and allow Plaintiffs leave to file their *ex parte* motion, memorandum of law, supporting declaration, and proposed order.

  Plaintiffs (C.K., through his next friend P.K., and C.W., through her next friend, P.W.) are two children on Medicaid who have been deprived of the intensive mental health services that have been determined to be medically necessary for them to remain safely at home and in their communities.  Plaintiffs filed this action on behalf of themselves and two putative classes against Defendants Mary T. Bassett, Commissioner of the New York State Department of Health, and Ann Marie T. Sullivan, Commissioner of the New York State Office of Mental Health, both named in their official capacities.  Plaintiffs allege systemic violations of the Medicaid Act, 42 U.S.C. §§ 1396a(a)(10), 1396a(a)(43)(A)-(D); 42 U.S.C. §§ 1396d(a)(4)(B), 1396d(r)(1)-(5); 42 U.S.C. § 1396a(a)(8), the Americans with Disabilities Act, 42 U.S.C. § 12132, and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794.

  The Second Circuit's decision governing motions to proceed anonymously, *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185 (2d Cir. 2008), compels the use of pseudonyms in this case.  *Sealed Plaintiff* provides a non-exhaustive list of factors for courts to consider when

**Proskauer**

March 31, 2022
Page 2

balancing plaintiffs' interest in anonymity, the public's interest in disclosure, and any prejudice to the defendant.[1] *Id.* at 190.

     First, Plaintiffs have a strong interest in anonymity. As children aged 15 and 13 respectively, Plaintiffs' ages make them "particularly vulnerable to the possible harms of disclosure" and alone warrant the use of pseudonyms. *Id.* at 190; Fed. R. Civ. P. 5.2(a)(3) ("Unless the court orders otherwise, in an electronic or paper filing with the court that contains . . . . the name of an individual known to be a minor . . . , a party or nonparty making the filing may include only: . . . (3) the minor's initials . . . ."); *Michael v. Bloomberg L.P.*, No. 14-cv-2657 (TPG), 2015 WL 585592, at *3 (S.D.N.Y. Feb. 11, 2015) (referring to case involving "minor children" as an example of a situation warranting pseudonyms). Allowing Plaintiffs' adult Next Friends to proceed using pseudonyms is also necessary as they are family members who share last names with Plaintiffs and are known in their communities to be Plaintiffs' caregivers. *See, e.g.*, *P.D. v. Neifeld*, 21-cv-6787-CBA-SJB, 2022 WL 818895, at *4 (E.D.N.Y. Mar. 1, 2022) ("[B]ecause disclosure of H.D.'s identity would likely result in being able to easily identify P.D., permitting his guardian to proceed using initials is likewise appropriate."). Further, this case concerns Plaintiffs' most personal and sensitive mental health information, the disclosure of which would cause Plaintiffs severe harms. Federal law, state law, and the courts have all recognized that mental health information, like the kind at issue here, is entitled to protection from public disclosure. 42 U.S.C. § 1320d *et seq.*; N.Y. Mental Hyg. Law § 33.13; *P.D.*, 2022 WL 818895, at *2 (finding that the plaintiff's medical and mental health condition favored anonymity); *see also Doe v. Mechanicsburg Sch. Bd. of Educ.*, 518 F. Supp. 3d 1024, 1027 (S.D. Ohio 2021) ("Anonymity also protects minors with sensitive mental health histories."). Disclosure of Plaintiffs' mental health histories, including their histories of institutionalization, could result in myriad harms, including emotional upset, harassment, stigma, and retaliation. *See Doe v. Univ. of Connecticut*, No. 3:09 CV 1071(JGM), 2013 WL 4504299, at *28 (D. Conn.

---

[1] In particular, those factors include: "(1) whether the litigation involves matters that are 'highly sensitive and [of a] personal nature,' (2) 'whether identification poses a risk of retaliatory physical or mental harm to the . . . party [seeking to proceed anonymously] or even more critically, to innocent nonparties,' (3) whether identification presents other harms and the likely severity of those harms, including whether 'the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity,' (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age, (5) whether the suit is challenging the actions of the government or that of private parties, (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court, (7) whether the plaintiff's identity has thus far been kept confidential, (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity, (9) 'whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities,' and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff." *Id.* at 190.

**Proskauer**

March 31, 2022
Page 3

Aug. 22, 2013) ("Given plaintiff's history of emotional disorders . . . public identification of him can present the harm of further emotional upset, and for the same reasons, plaintiff is particularly vulnerable to the possible harms of disclosure."); *P.D.*, 2022 WL 818895, at *2.

Second, Defendants will not be prejudiced by Plaintiffs and their Next Friends using pseudonymous initials. Plaintiffs challenge government activity and thus the case does not involve reputational injury. *See Doe v. Skyline Autos. Inc.*, 375 F. Supp. 3d 401, 406 (S.D.N.Y. 2019). The use of pseudonymous initials also will not disrupt Defendants' ability to litigate this case or proceed in discovery, as Plaintiffs will make their and their Next Friends' true identities known to Defendants and their counsel, subject to a protective order. *See E.W. v. New York Blood Ctr.*, 213 F.R.D. 108, 112 (E.D.N.Y. 2003) (where defendant knew plaintiff's identity, defendant could not identify any "prejudice to its ability to conduct discovery or try the matter if plaintiff were to proceed under a pseudonym"); *see also Doe v. Cabrera*, 307 F.R.D. 1, 8 (D.D.C. 2014) ("Courts generally find little to no risk of unfairness to an accused defendant . . . where discovery does not appear to be inhibited by the plaintiff's desire to proceed anonymously.").

Third, the public interest favors protecting Plaintiffs' identities in this case, as there is a "substantial public interest in ensuring that cases like the Plaintiff[s'] are adjudicated and the rights of mental illness sufferers are represented fairly and without the risk of stigmatization." *Doe v. Hartford Life and Acc. Ins. Co.*, 237 F.R.D. 545, 550 (D.N.J. 2006). Likewise, the judiciary has an interest in ensuring that litigants, like the Plaintiff children here, can have their day in court. *Doe v. Del Rio*, 241 F.R.D. 154, 158 (S.D.N.Y. 2006) ("[I]t is in the public interest that the price of access to the courts not be too high." (citation omitted)).

Finally, there is no alternative mechanism to protect Plaintiffs' confidentiality as "Plaintiff[s'] condition[s] are potentially bound up with the mere identification of Plaintiff[s] in connection with these allegations and lawsuit." *P.D.*, 2022 WL 818895, at *3. Using pseudonymous initials for Plaintiffs and their Next Friends is thus necessary to prevent community members from determining the children's or their caregivers' identities in light of the allegations in the complaint. *See, e.g.*, *A.A. v. Gee*, 19-CV-770-BAJ-SDJ, Dkt. No. 21 (M.D. La. Dec. 5, 2019) (granting plaintiffs' motion to proceed using pseudonymous initials for both minor named plaintiffs and their next friends); *C.P.X. v. Foxhoven*, 17-cv-00417-SMR-HCA, Dkt. No. 3 (S.D. Iowa Nov. 27, 2017) (same).

Accordingly, Plaintiffs request a pre-motion conference concerning their proposed *ex parte* motion to proceed with pseudonyms and for related relief or, in the alternative, a waiver of the pre-motion conference.

Respectfully submitted,

/s/ *Steven H. Holinstat*

Steven H. Holinstat