UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| C.K. *through his next friend P.K.*, C.W. *through her next friend P.W.*, *for themselves and those similarly situated*, C.X., *through her next friend* P.X., C.Y., *through his next friend* P.Y., *for themselves and those similarly situated*,<br><br>                            Plaintiffs,<br><br>               -v-<br><br>James V. McDonald, *in his official capacity as the Commissioner of the New York State Department of Health*, and Ann Marie T. Sullivan, *in her official capacity as Commissioner of the New York State Office of Mental Health*,<br><br>                            Defendants. | 2:22-cv-01791<br>(NJC) (JMW) |

**MEMORANDUM AND ORDER**

NUSRAT J. CHOUDHURY, District Judge:

       This putative class action lawsuit, brought by four named Plaintiffs—each a minor proceeding through their "next friend" on behalf of themselves and two putative classes of similarly-situated children—concerns claims that New York State allegedly fails to provide certain mental health services to Medicaid-eligible children in violation of federal laws. Am. Compl., ECF No. 34 ¶¶ 2, 4. Plaintiffs bring claims for injunctive and declaratory relief against James V. McDonald ("McDonald"), in his official capacity as Commissioner of the New York State Department of Health ("DOH"), and Ann Marie T. Sullivan, M.D. ("Sullivan"), in her official capacity as Commissioner of the New York State Office of Mental Health ("OMH")

(collectively "Defendants" or "Commissioners"). ECF No. 64 (the "Order") at 2.[1] Plaintiffs claim that Defendants are failing to ensure that Plaintiffs, and other similarly situated children with "mental health conditions who require intensive home and community-based mental health services,"[2] receive federally required mental health services, leading to "a mental health crisis" amongst "New York's most marginalized children." Am. Compl. ¶¶ 2–4. Plaintiffs bring claims under: (1) the Medicaid Act, 42 U.S.C. § 1396a(a)(10)(A), § 1396a(a)(43), §1396a(a)(4)(B), § 1396d(r), § 1396a(a)(8); (2) 42 U.S.C. § 1983; (3) Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132, *et seq.*; and (4) The Rehabilitation Act, 29 U.S.C. § 794. Am. Compl. ¶¶ 213–14, 216–17, 221–29, 231–37.

Defendants object to Magistrate Judge James M. Wicks' December 13, 2023 Order, granting Plaintiffs' Motion to Compel the depositions of DOH Commissioner McDonald and OMH Commissioner Sullivan, ECF No. 57, and denying Defendants' Motion for a Protective Order to preclude the depositions, ECF No. 58. *See* ECF No. 65 ("Defs.' Objs."). For the reasons set forth below, Defendants' objections are denied and Magistrate Judge Wicks' Order is affirmed.

---

[1] Commissioner McDonald replaced former-named Defendant in this suit and former DOH Commissioner, Mary T. Bassett. *See* ECF No. 43.
[2] Hereinafter "IHCBS."

## PROCEDURAL HISTORY[3]

The Court assumes the parties' familiarity with the factual and procedural background of this case, as outlined in the Order, Order at 2–4, and Judge Wicks' Memorandum and Order dated June 20, 2023, ECF No. 49, which was adopted by District Judge Brian M. Cogan prior to the reassignment of this case to this Court's docket. Elec. Order, July 6, 2023; Elec. Order, Oct. 11, 2023 (reassignment order).

Plaintiffs seek to depose McDonald and Sullivan on the basis that they are policymakers ultimately responsible for, and with firsthand knowledge of, the alleged policies and practices depriving New York's Medicaid-eligible children of needed mental health services. ECF No. 57. On December 1, 2023, Plaintiffs filed a Motion to Compel the depositions of the Commissioners. *Id.* That same day, Defendants filed a Motion for a Protective Order to preclude the depositions. ECF No. 58. On December 13, 2023, Judge Wicks issued an Order granting Plaintiffs' Motion to Compel the depositions and denying the Defendants' Motion for a Protective Order to preclude the depositions. Order at 13.

First, the Order found that Plaintiffs' request to depose McDonald and Sullivan was "reasonable and proportional to the needs of the case" in light of the fact that depositions had been substantially completed by November 16, 2023 and that additional depositions were

---

[3] As a threshold matter, this Court has federal question jurisdiction pursuant to 18 U.S.C. § 1331 over Plaintiffs' claims arising under 42 U.S.C. § 1983, the Medicaid Act, Title II of the Americans with Disabilities Act, and the Rehabilitation Act. Because Defendants are sued in their official capacity and perform their official duties by and through offices within the district and thus reside in New York, Am. Compl. ¶ 17, they thereby have minimum contacts with the state as required for personal jurisdiction. *See Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 170 (2d Cir. 2013). Venue is proper under 28 U.S.C. § 1381(b) and 18 U.S.C. § 1965 because a substantial part of the events or omissions giving rise to this action occurred in this judicial district, one Plaintiff resides here, and Defendants are presumed to reside here as they are sued in their official capacity and perform their official duties by and through offices within the district. Am. Compl. ¶¶ 17, 18, 36, 52, 66, 83.

permitted until the close of fact discovery on June 17, 2024. *Id.* at 11 (citing Elec. Order, Dec. 13. 2023).[4]

Second, the Order also found that Plaintiffs satisfied the "exceptional circumstances" test for justifying depositions of "high ranking government officials" as set forth in the Second Circuit's decision in *Lederman v. N.Y.C. Dep't of Parks & Recreation*, 731 F.3d 199, 203 (2d Cir. 2013). Order at 12. Judge Wicks reasoned:

> Unlike the Mayor and Deputy in *Lederman*, the Commissioners here are not only named defendants in the lawsuit, but they are Commissioners of the respective agencies whose very policies are being challenged. In Plaintiffs' Opposition to Defendant's Motion for a Protective Order, Plaintiffs further note that "as to many important issues, the witnesses [deposed thus far] did not know the answers, reflecting additional, appropriate lines of inquiry for the Commissioners."

*Id.* at 11–12 (internal citations omitted). Judge Wicks found that Plaintiffs demonstrated that the Commissioners "have or should have first-hand knowledge" of issues directly relevant to Plaintiffs' claims, which could not be obtained from other individuals. *Id*. at 12. The Order detailed the numerous issues relevant to Plaintiffs' claims, which other deponents could not answer concerning the OMH and DOH policies and practices allegedly resulting in the failure to provide needed mental health services to Medicaid-eligible children across New York State:

> [T]he deposed witnesses: (i) "could not answer questions about the state of current waitlists for relevant services, and were not aware of the number of children projected to receive the services or expected to be eligible for the services, or the number of children currently receiving the services[;]" (ii) "lack[ed] knowledge" as "a result of inadequate systems and information reporting needed to ensure that IHCBS is sufficiently available for New York children enrolled in Medicaid" – "systemic deficiencies" which "are a fair deposition topic for the Commissioners[;]" and (iii) "could not explain how initial provider rates for the relevant services were determined and what analysis

---

[4] Notably, the case schedule previously set a March 8, 2024 deadline for all discovery. This Court extended that deadline to June 17, 2024 at Defendants' request for more time for expert discovery, despite the fact that Defendants failed to show good cause for such an extension. *See* Elec. Order, Dec. 13. 2023.

> (if any) has been done to ensure the rates are sufficient to meet the needs of the population."

*Id.* at 12 (citing Pls.' Opp'n Defs.' Mot. Protective Order, ECF No. 60).

Defendants objected to the Order by letter, requesting reconsideration by this Court. Defs.' Objs. Plaintiffs provided a letter response. Pls.' Opp'n, ECF No. 66.

Defendants make six arguments, many of them the same as arguments they made to Judge Wicks, in their objections to the Order. *See* Defs.' Objs.; ECF No. 58. First, Defendants argue that Judge Wicks misapplied *Lederman*, 731 F.3d 199, because depositions of the Commissioners would "severely hinder" their "ability to effectively run their agencies." Defs.' Objs. at 1 (citing Commissioners' "greater duties and time constraints than other witnesses" and responsibility for "time-pressing tasks," including overseeing their agencies' proposed Fiscal Year 2025 budgets). Second, Defendants argue that McDonald could not have unique first-hand knowledge relevant to Plaintiffs' claims because this litigation commenced in March 2022 and McDonald did not join DOH until July 2022 and did not become Acting Commissioner until January 1, 2023. *See id.* at 1–2. Third, Defendants argue that Sullivan's deposition is unnecessary because Plaintiffs have already deposed OMH official Sara Kuriakose about an email involving Sullivan and because Plaintiffs did not question Kuriakose about another email concerning Sullivan during that deposition. *Id.* at 2. Fourth, Defendants challenge Judge Wicks' conclusion that the Commissioners "necessarily 'have or should have first-hand knowledge' of Plaintiffs' claims because the other witnesses supposedly *lacked* such knowledge," arguing that "*Lederman* makes clear that one witness's lack of knowledge does not establish 'exceptional circumstances' justifying the deposition of a high-ranking government official." *Id.* at 3. Fifth, Defendants rely on *Boggs v. Town of Riverhead*, No. 17 Civ. 5411, 2020 WL 1929076, *3 (E.D.N.Y. Apr. 20, 2020), to argue that Sullivan and McDonald's ultimate responsibility for any alleged agency

policies and practices giving rise to Plaintiffs' claims do not demonstrate exceptional circumstances because in that case, the Chief of Police was not deposed, even though he was "the ultimate decision-maker regarding the alleged policy . . . ." *Id.* at 2. Sixth, Defendants assert that Plaintiffs' request to depose the Commissioners was "tardy." *Id.* at 4.

Plaintiffs argue that the Order was not clearly erroneous or contrary to law for seven reasons. First, Plaintiffs identify numerous, specific DOH and OMH policies for which McDonald and Sullivan are responsible, which allegedly "giv[e] rise to the failure to provide adequate mental health services to Medicaid-eligible children in New York," and thereby call for depositions of the Commissioners to determine "their understanding as to why the deficiencies have not been addressed—and the failures of leadership giving rise to those deficiencies . . . ." Pls.' Opp'n at 1. Second, Plaintiffs assert that Sullivan has personal knowledge relevant to Plaintiffs' claims due to her admission that one of the mental health services at issue, "the health homes program for youth[,] 'isn't working'" and her "knowledge prior to the litigation that one of the Named Plaintiffs had been unable to obtain much needed services." *Id*. at 2. Third, Plaintiffs argue that depositions of Sullivan and McDonald are needed to prepare for trial because the ultimate relief sought is an injunction requiring these officials to cure alleged, inadequate agency-wide policies and practices and Plaintiffs seek to show that "whatever excuses the Commissioners offer, they present no actual impediment to" such relief. *Id*. Fourth, Plaintiffs contend that the inability of other DOH and OMH staff "to answer basic questions regarding the number of children projected to receive or currently eligible for relevant services, the projected need for the services, the state of waitlists for the services, or how reimbursement rates for relevant services were determined" underscores the need to question the Commissioners "about the action needed to ensure that important information regarding IHCBS is readily available." *Id*. at 3. Fifth, Plaintiffs argue that this case raises sufficiently serious issues—access

to mental health services for around 120,000 to 200,000 youth—so as to justify Sullivan and McDonald's time to be spent in deposition. *Id.* at 3. Sixth, Plaintiffs argue that Judge Wicks correctly distinguished *Lederman* and applied precedent in the Second Circuit to conclude that "exceptional circumstances" exist for deposing the current OMH and DOH Commissioners. *Id.* at 3. Seventh, Plaintiffs argue that their request to depose McDonald and Sullivan was timely because there was no deadline prior to the end of discovery by which parties were to designate deposition witnesses. *Id.*

## STANDARD OF REVIEW

A district judge may set aside a magistrate judge's order "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). A finding is clearly erroneous if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (quoting *United States v. United Gypsum Co.*, 333 U.S. 364, 395 (1948)) (internal quotation marks omitted). Pursuant to this highly deferential standard of review, a magistrate judge is "afforded broad discretion in resolving non-dispositive disputes . . . ." *Peralta v. Regent Catering, Inc.*, No. 17 Civ. 6993, 2022 WL 6799407, at *4 (E.D.N.Y. Mar. 18, 2022) (citations omitted). Additionally, new arguments and factual assertions may not be raised for the first time in an objection to a magistrate judge's discovery order. *See In re Keurig Green Mt. Single-Serve Coffee Antitrust Litig.*, 336 F.R.D. 400, 403–04 (S.D.N.Y. 2020). Accordingly, a party seeking to overturn or modify a discovery order bears a heavy burden.

## DISCUSSION

Magistrate Judge Wicks' December 13, 2023 Order granting Plaintiffs' Motion to Compel the depositions and denying the Defendants' Motion for a Protective Order is not clearly

erroneous or contrary to law. Judge Wicks made no error in his reading or application of *Lederman*, 731 F.3d 199, to conclude that Plaintiffs met the standard for compelling depositions of McDonald and Sullivan to obtain evidence relevant to Plaintiffs' claims. Defendants' objections to the Order are unpersuasive for six overarching reasons.

First, the Order accurately described the holding of *Lederman*: an exceptional circumstance justifying the deposition of a high-ranking government official exists where a party establishes either: (i) "that the official has unique first-hand knowledge related to the litigated claims[;]" or (ii) "that the necessary information cannot be obtained through other, less burdensome or intrusive means." *Lederman*, 731 F.3d at 203; *see* Order at 10. Defendants concede that agency commissioners are not "categorically exempt from being deposed" under *Lederman*, and may be deposed under "exceptional circumstances." Defs.' Objs. at 3. Judge Wicks properly identified the applicable legal standard.

Second, the record clearly demonstrates that McDonald and Sullivan have "unique first-hand knowledge" needed to prove—or disprove—the claims in this case. Plaintiffs allege that around 120,000 to 200,000 youth across New York are being deprived of needed and statutorily-required mental health services due to specific, purported DOH and OMH policies and practices, for which McDonald and Sullivan are responsible as commissioners of these agencies. Pls.' Opp'n at 1–2. These allegedly inadequate policies and practices include: (1) DOH's purported failure to provide Intensive Care Coordination, failure to determine the statewide service capacity needed for IHCBS, establishment of low Medicaid reimbursement rates, and insufficient assessment of, and management of access to, IHCBS; and (2) OMH's purported failure to assess the need of Medicaid-eligible children for, and to manage their access to, the mental health services in the agency's responsibility. *Id*. On this record, Judge Wicks made no

8

error in finding that McDonald and Sullivan's roles as "Commissioners of the respective agencies whose very policies are being challenged[,]" weighs strongly in favor of finding the existence of exceptional circumstances justifying their depositions. Order at 11.

Third, Defendants' arguments that McDonald and Sullivan lack personal knowledge are unpersuasive. Notably, this case concerns claims for injunctive relief—not damages for past conduct. McDonald is responsible for remedying any DOH policies and practices found to cause the harms challenged in this litigation, and arguably has had this duty since he began serving as Acting Commissioner on January 1, 2023. The fact that he was not at OMH during the first four months of this litigation does not show lack of personal knowledge of the challenged policies and practices or any efforts to maintain or change them, even if their origin predated his tenure. Sullivan has personal knowledge for similar reasons: as the Commissioner in charge of OMH during the pendency of this action, she has the power to remedy any OMH policies and practices found to be inadequate and to have caused the harms alleged in this case. Defendants' arguments to the contrary center on Plaintiffs' ability to depose a different OMH official—Sara Kuriakose—and are unavailing.

Fourth, on the record before the Court, Judge Wicks made no error in finding that the inability of the OMH and DOH officials deposed thus far to answer questions about the state of current policies and issues also contributed toward demonstrating exceptional circumstances. Order at 12. Here, where other witnesses failed to answer questions about the specific, challenged DOH and OMH policies and practices, *and* where McDonald and Sullivan are ultimately responsible for remedying those purported policies and practices, Judge Wicks appropriately found that "Plaintiffs have shown the Commissioners have or should have first-

9

hand knowledge of Plaintiffs' claims, which was not – and cannot be – obtained from other individuals." Order at 12.

Fifth, numerous courts in the Second Circuit have permitted the depositions of high-ranking government officials at the level of McDonald and Sullivan, including commissioners of state agencies or departments, even when "higher-level officials, such as mayors" were not deposed.[5] Notably, the caselaw on which Defendants' rely to argue that Judge Wicks made a legal error are distinguishable. For example, Defendants reliance on *Boggs* is unpersuasive because the court there ruled that the Chief of Police's deposition was "not necessary," and exceptional circumstances had not been shown, because the plaintiffs had already deposed two Patrol Sergeants whose testimony "directly resolve[d] the Plaintiffs' inquiry[.]" 2020 WL 1929076 at *3. Here, as discussed, and as Judge Wicks properly found, depositions of lower-level DOH and OMH officials have failed to directly resolve Plaintiffs' questions. *See* Order at 12. As Plaintiffs note, the other cases on which Defendants rely are also distinguishable because they "relate to specific past incidents about which the requested deponents had no personal knowledge"—and were "not class actions seeking to reform ongoing policies and practices." Pls.' Opp'n at 3 (citing cases).

Sixth, while this Court is sensitive to the important demands on the Commissioners' time, Judge Wicks appropriately balanced this concern with Plaintiffs' need for highly relevant

---

[5] *See United States v. City of New York*, No. 07-CV-2067, 2009 WL 2423307, at *3 (E.D.N.Y. Aug. 5, 2009) (mayor deposed in civil rights case alleging discrimination); *Marisol A. v. Giuliani*, No. 95-CV-10533, 1998 WL 132810, at *1, *5 (S.D.N.Y. Mar. 23, 1998) (commissioner deposed in class action alleging deficiencies in child welfare system); *United States v. Town of Oyster Bay*, No. 14-CV-2317, 2016 WL 11265542, at *3 (E.D.N.Y. May 10, 2016) (permitting depositions of two town officials); *Winfield v. City of New York*, No. 15-CV-05236, 2018 WL 4350246, at *1 (S.D.N.Y. Sept. 12, 2018) (current Commissioner and former Commissioners of the Department of Housing Preservation and Development were deposed in case challenging a New York City policy).

10

evidence in a careful and well-reasoned opinion. Defendants do not provide any support for the sweeping claim that the depositions would hinder the Commissioners' ability to run their agencies or carry out their budgeting duties. Defs.' Objs. at 1. Nor have Defendants shown that Plaintiffs' request to depose McDonald and Sullivan was untimely, as there was no specific deadline by which the parties were required to identify witnesses for depositions. *See* ECF No. 49 at 18 (discovery schedule adopted by district court); Elec. Order, July 6, 2023 (adopting schedule in ECF No. 49); Min. Entry, Dec. 13, 2023 (extending various discovery deadlines but not setting a deadline for identification of witnesses for deposition). Moreover, Judge Wicks correctly noted that Plaintiffs' request to depose McDonald and Sullivan is "reasonable and proportional to the needs of the case." Order at 11. Indeed, the record shows that Plaintiffs sought to minimize the burden on McDonald and Sullivan by first seeking to depose other DOH and OMH staff. It was only after those witnesses were unable to answer "basic questions" about the specific policies and practices challenged in this case that Plaintiffs sought to depose the Commissioners. Pls.' Opp'n at 2.

The Court therefore finds that the Order is neither clearly erroneous nor contrary to law and that Judge Wicks appropriately acted within the bounds of his discretion to grant Plaintiffs' Motion to Compel and to deny Defendants' Motion for a Protective Order. *See Peralta*, 2022 WL 6799407, at *4 (A magistrate judge is "afforded broad discretion in resolving non-dispositive disputes . . . ."); *see also Mirra v. Jordan*, No. 13-CV-5519, 2016 WL 889683, at *2 (S.D.N.Y. Feb. 23, 2016) ("Motions to compel are left to the court's sound discretion.") (citing *Grand Cent. P'ship, Inc. v. Cuomo*, 166 F.3d 473, 488 (2d Cir. 1999)).

## CONCLUSION

For the reasons set forth above, this Court denies Defendants' request to set aside Magistrate Judge Wicks' Order granting Plaintiffs' Motion to Compel the depositions of the OMH and DOH Commissioners, ECF No. 57, and denying Defendants' Motion for a Protective Order, ECF No. 58.

Dated: Central Islip, New York
January 11, 2024

                _____/s Nusrat J. Choudhury_____
                NUSRAT J. CHOUDHURY
                United States District Judge